Afsaneh BEHNAM, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 01–70274.

INS No. A70–035–589.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Oct. 15, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* Circuit Judges.

## MEMORANDUM **

Afsaneh Behnam, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ruling that Behnam was ineligible for asylum in the United States because she had firmly resettled in Germany within the meaning of 8 C.F.R. § 208.15. Although we hold that Behnam was firmly resettled in Germany, we hold that she has a well-founded fear of persecution in Germany on account of her political beliefs, and we reverse the BIA's denial of asylum.

Behnam was born in Iran and lived there until she was eleven. Her father, Sohrab Ekhtebar, served as a Brigadier General in the Iranian military and as Lieutenant Governor of the Province of Loristan under the Shah. In 1979, after the overthrow of the Shah, Behnam left Iran with her mother and siblings and traveled

---

* The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to Germany. Her father, who had been imprisoned in Iran, joined the family in Germany in 1980. Germany granted asylum to Behnam and her family in 1981, giving the family the right to live and work in that country indefinitely.

The family lived in Aachen, Germany, where they opened a restaurant and Behnam attended school. Behnam testified that her father formed a pro-monarchy group, Monarchy Organization Council. At age 14 or 15, Behnam began to participate in the group's activities. She helped plan weekly meetings and attended monthly demonstrations from 1984 to 1989. As the group became increasingly active, Behnam's sister was attacked and beaten on the street and the family received death threats. Behnam testified that after her marriage she returned home on one occasion to find two men waiting with a chain in her garage and on another occasion found men trying to break into her house. On both occasions she believed that the individuals were from the Mujahedin, a group opposed to the Shah's return to Iran. In 1986, Behnam received a German travel document, which she renewed twice. In February 1990, Behnam traveled to the United States, where she has remained. Her German documentation expired in 1992.

■ Because Germany's grant of asylum to Behnam entitled her to stay in the country indefinitely, she was firmly resettled under 8 C.F.R. § 208.15. Behnam argues, however, that she can rebut the presumption of firm resettlement because the conditions of her residence in Germany were substantially restricted. Behnam claims that she could not be naturalized, had to wait five years on a waiting list before attending university, and cannot return to Germany because she has been absent from the country for more than one year. We find that Behnam does not fall under the exception in Section 208.15(b). Behnam has not established that her asserted inability to become naturalized has substantially affected her rights to housing, employment, property, or public relief. She was able to attend school through grade 13 and, after a delay based on her status, to enroll in university. In addition, the fact that Behnam allowed her travel documentation to lapse while in the United States does not change the fact of her firm resettlement. *See Vang v. INS*, 146 F.3d 1114, 1117 (9th Cir.1998); *Yang v. INS*, 79 F.3d 932, 934 (9th Cir.1996).

■ Behnam has, however, demonstrated a well-founded fear of persecution on account of her political opinion. *See* 8 U.S.C. § 1101(a)(42)(A). She and her family received death threats and physical abuse because of their support of the Shah while they lived in Germany. *See Navas v. INS*, 217 F.3d 646, 658 (9th Cir.2000) ("[W]e have consistently held that death threats alone can constitute persecution."). Furthermore, despite the BIA's assertion to the contrary, Behnam has provided evidence that the German government is unwilling or unable to protect her. Her asylum application included a signed letter from the Aachen city council stating that the city had advised Behnam's father and the family to leave Germany because of the threats against them. The letter provides evidence both that the death threats against Behnam and her family were credible and that Behnam's fear of persecution was indeed well founded.

We GRANT the petition for review, and REMAND for the exercise of the Attorney General's discretion with respect to the asylum claim.